IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORETTA BENSEN, SHERRY GAUL and SHONTONNA HARRIS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>INFOPAY, INC., a Delaware Corporation, and INTERMEDIA VENTURES LLC, a Massachusetts limited liability company,<br><br>*Defendants.* | Case No. |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Loretta Bensen, Sherry Gaul, and Shontonna Harris (collectively, "Plaintiffs") bring this class action complaint against Defendants InfoPay, Inc. and Intermedia Ventures LLC (collectively, "Defendants"), to put an end to their unlawful practice of using the names and identities of Ohio, Illinois, and Indiana residents without their consent in order to promote their services on their website, StateRecords.org ("StateRecords"). Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their own attorneys.

## NATURE OF THE ACTION

1.  Defendants jointly own and operate a website—StateRecords.org—which sells access to a database containing proprietary information about people to anybody willing to pay Defendants for a monthly subscription.

1

2. To market their service, Defendants encourage prospective customers to perform a free people search on their website. When consumers perform a free search for an individual—by typing the individual's first and last name into the search bar—the website displays a preview page featuring the searched individual's full name alongside certain uniquely identifying information, including current location, previous location, age, and the number of government-generated records associated with that individual. The purpose of this page is twofold: first, it shows potential customers that Defendants' database contains the *specific* individual they searched for and represents that a paid subscription grants access to much more information about the individual than the "free" preview; and second, they offer to sell them a paid subscription, where they can access proprietary information about anybody in their database. In other words, Defendants do not offer to sell information about the individuals searched on their website, but rather, use their identities to sell subscriptions to their paid service.

3. Unsurprisingly, the people appearing in these advertisements never provided Defendants with their consent (written or otherwise) to use their identities for any reason, let alone for marketing purposes.

4. By using Plaintiffs' identities in their advertisements without consent and for their own commercial gain, Defendants violated—and continue to violate—right of publicity laws in Ohio, Illinois, and Indiana. Ohio Rev. Code § 2741, *et seq.*; 765 ILCS 1075/1, *et seq.*, and Ind. Code § 32-36-1, *et seq.*

## PARTIES

5. Plaintiff Loretta Bensen is a natural person and a citizen of the State of Ohio.

6. Plaintiff Sherry Gaul is a natural person and a citizen of the State of Illinois.

7. Plaintiff Shontonna Harris is a natural person and a citizen of the State of Indiana.

8. Defendant InfoPay, Inc. is a corporation existing under the laws of the State of Delaware with its principal place of business located at 28 Atlantic Avenue, Suite 227, Boston, Massachusetts 02110.

9. Defendant Intermedia Ventures LLC, formerly Intermedia Webworks LLC, is a limited liability company existing under the laws of the State of Massachusetts with its principal place of business located at 132 Charles Street, Suite 202, Auburndale, Massachusetts 02466.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative class is a citizen of a state different from the Defendants, (ii) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) none of the exceptions under the subsection apply to this action.

11. This Court has personal jurisdiction over Defendants because their principal places of businesses are located in this District.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) because both Defendants are residents of the State in which the district is located, Massachusetts.

## COMMON FACTUAL ALLEGATIONS

*The Ohio Right of Publicity Law*

13. In 1999, the Ohio Legislature specified that "'Right of publicity' means the property right in an individual's persona to use the individual's persona for a commercial purpose," Ohio Rev. Code § 2741.01, and as a result, passed the Ohio Right of Publicity Law to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

14. The Law protects individuals from the unauthorized use of *any* of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, or voices in the sale or advertisement of goods, merchandise, products, and services.

15. In fact, the Ohio Right of Publicity Law states that "a person shall not use any aspect of an individual's persona for a commercial purpose…[d]uring the individual's lifetime" unless "the person first obtains the written consent to use the individual's persona. . . ." Ohio Rev. Code § 2741.02. Notably, the Ohio Right of Publicity Law does not require the person seeking relief under the Law to be a public figure.

*The Illinois Right of Publicity Act*

16. Similarly, the Illinois Legislature in 1999 recognized that every individual has the "right to control and choose whether and how [his or her] identity [is used] for commercial purposes," 765 ILCS 1075/10, and as a result, passed the Illinois Right of Publicity Act ("IRPA"), to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

17. The Act protects individuals from the unauthorized use of *any* of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, or voices in the sale or advertisement of goods, merchandise, products, and services.

18. In fact, the IRPA states that "[a] person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person. . . ." 765 ILCS 1075/30. Notably, the IRPA does not require the person seeking relief under the Act to be a public figure.

*The Indiana Right of Publicity Law*

19. Lastly, the Indiana Legislature in 2002 also recognized that "[a] person may not use an aspect of a personality's right of publicity for a commercial purpose during the personality's lifetime. . . ." Ind. Code § 32-36-1-8. The Indiana Right of Publicity Law was passed to protect individual property rights and prevent the exploitation of individuals' identities for another's commercial gain.

20. The Law protects individuals from the unauthorized use of *any* of their attributes, including but not limited to, their names, signatures, photographs, images, likenesses, or voices for advertising or soliciting purchases of products, merchandise, goods, services, or for promoting commercial activities.

21. In fact, the Indiana Right of Publicity Law states that "[a] person may not use an aspect of a personality's right of publicity for a commercial purpose during the personality's lifetime or for one hundred (100) years after the date of the personality's death without having obtained previous written consent from a person. . . ." Ind. Code § 32-36-1-8. Notably, the Indiana Right of Publicity Law does not require the person seeking relief under the Law to be a public figure.

*Defendants Use Individuals' Names to Promote a Paid Subscription to StateRecords*

22. Defendants own and operate a website, StateRecords, that sells paid-subscription access to "government-generated records from public sources." StateRecords compiles its public records database, in part, from state and local offices, agencies, and departments, and markets its database as a tool used by millions of paying customers for "fast, easy, and inexpensive access" to government-generated records.

23. A StateRecords subscription must be purchased from its website, which allows its paying customers to perform searches on anyone in its database and obtain, *inter alia*, any individual's government-generated records, including arrest/warrant records, criminal records, court records, marriage records, bankruptcies and liens, lawsuits, and police reports.



(**Figure 1**)

25. Within the Marketing Page, StateRecords displays an advertisement stating that the "[r]eport on [the searched individual] from [state of residence] is Ready!" The report is only available by subscribing to StateRecords' 7-day trial, which offers "unlimited search access" for $4.95. *See* Figure 2.



(**Figure 2**)

26. Once a user selects the link for the 7-day trial, StateRecords displays a checkout page where users must input their payment information and check a box certifying that after the 7-day trial, they will be automatically enrolled in a monthly subscription plan and their card will

be charged $19.95 per month on a recurring monthly basis unless and until they cancel. *See* Figure 3.



(**Figure 3**)

27. All this advertising is intended to sell subscriptions to StateRecords' services. Indeed, rather than offering to sell a user just the report for the searched individual, StateRecords

8

requires users to purchase the report along with a 7-day trial that grants the purchaser unlimited access to the government-generated records on anybody in its database. Thereafter, the purchaser is auto enrolled in StateRecords' monthly subscription service.

28. In this way, Defendants misappropriated peoples' identities (names and other identifying information such as their location and age) for their own commercial benefit (to market and promote a monthly subscription to access any and all reports in StateRecords' database).

29. Most importantly, Defendants never obtained written consent from Plaintiffs and Class members to use their names or other identifying information for any reason, let alone for commercial purposes. Defendants never notified Plaintiffs and Class members that their names or other identifying information would appear on their Marketing Page in conjunction with an offer to purchase access to their database of records. Moreover, Plaintiffs and the Class members have no relationship with StateRecords whatsoever.

## FACTS SPECIFIC TO PLAINTIFFS BENSEN, GAUL, AND HARRIS

30. In 2021, Plaintiffs Loretta Bensen, Sherry Gaul, and Shontonna Harris discovered that Defendants were using their identities to solicit the purchase of paid subscriptions to StateRecords.

31. StateRecords specifically identified Plaintiffs by their full names, ages, and locations on their Marketing Page. *See, e.g.*, Figures 1-3.

32. None of the Plaintiffs have ever provided Defendants with their written consent (or consent of any kind) to use any attribute of their identities for commercial purposes, and certainly never authorized Defendants to use their identities to promote any of their products or services.

33. Plaintiffs Loretta Bensen, Sherry Gaul, and Shontonna Harris are not and have never been StateRecords customers. They have no relationship with StateRecords whatsoever.

## CLASS ALLEGATIONS

34. **Class Definition:** Plaintiffs Loretta Bensen, Sherry Gaul, and Shontonna Harris bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and three Classes (collectively, the "Classes"), defined as follows:

> **Ohio Class**: Plaintiff Bensen seeks to represent a Class of Ohio residents (1) whose identities were displayed on the Marketing Page and (2) who have never purchased any products or services on staterecords.org.
>
> **Illinois Class**: Plaintiff Gaul seeks to represent a Class of Illinois residents (1) whose identities were displayed on the Marketing Page and (2) who have never purchased any products or services on staterecords.org.
>
> **Indiana Class**: Plaintiff Harris seeks to represent a Class of Indiana residents (1) whose identities were displayed on the Marketing Page and (2) who have never purchased any products or services on staterecords.org.

35. Excluded from the Classes are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

36. **Numerosity:** The exact number of Class members is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. Class members can be identified through Defendants' records.

37. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    a. Whether Defendants used Plaintiffs' and Class members' names and identities for a commercial purpose;

    b. Whether Plaintiffs and Class members provided their written consent to Defendants to use their names and identities in advertisements;

    c. Whether the conduct described herein constitutes a violation of respective right of publicity laws in Ohio, Illinois, and Indiana; and

    d. Whether Plaintiffs and the Classes are entitled to injunctive relief.

38. **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Classes, in that Plaintiffs and the Class members sustained damages arising out of Defendants' uniform wrongful conduct.

39. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and they have retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiffs.

40. **Policies Generally Applicable to the Classes:** This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Classes as a whole. Defendants' policies challenged herein

apply and affect members of the Classes uniformly and Plaintiffs' challenge of these policies hinge on Defendants' conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiffs. Plaintiffs and the members of the Classes have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

41. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of the Ohio Right of Publicity Law, Ohio Rev. Code § 2741, *et seq*.
### (On behalf of Plaintiff Bensen and the Ohio Class)

42. Plaintiff Bensen incorporates the foregoing allegations as if fully set forth herein.

43. The Ohio Right of Publicity Law prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* Ohio Rev. Code § 2741.02.

44. Defendants sell subscription-based access to their database containing detailed reports about people.

45. As described above, to promote those reports, Defendants used Plaintiff Bensen's and the putative Ohio Class members' identities on their Marketing Page, which displays the individuals found within their records that match searched-for names, alongside uniquely identifying information such as each person's current location, previous locations, age, and the number of government-generated records associated with that person. This information serves to identify such individuals to a reasonable audience.

46. The Marketing Page has a commercial purpose in that it promotes the StateRecords website and a paid membership to access reports in its database.

47. Plaintiff Bensen and members of the Ohio Class never provided Defendants with their written consent to use their full names (or any attribute of their identity) in advertisements for StateRecords. Defendants never notified Plaintiff Bensen and Ohio Class members that their identities would be used in commercial advertisements.

48. Defendants deprived Plaintiff Bensen and Ohio Class members of control over whether and how their names and other identifying information can be used for commercial purposes.

49. Based upon Defendants' violation of the Ohio Right of Publicity Law, Plaintiff Bensen and Ohio Class members are entitled to (1) an injunction requiring Defendants to cease using Plaintiff Bensen's and members of the Ohio Class's names and any attributes of their identities to advertise their products and services, (2) statutory damages in the amount of between $2,500 and $10,000 per violation to the members of the Ohio Class, (3) an award of

punitive damages or exemplary damages, and (4) an award of costs and reasonable attorneys' fees under Ohio Revised Code § 2741.07.

### SECOND CAUSE OF ACTION
### Violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.*
### (On Behalf of Plaintiff Gaul and the Illinois Class)

50. Plaintiff Gaul incorporates the foregoing allegations as if fully set forth herein.

51. The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq*.

52. Defendants sell subscription-based access to their database containing detailed reports about people.

53. As described above, to promote those reports, Defendants used Plaintiff Gaul's and the putative Illinois Class members' identities on their Marketing Page, which displays the individuals found within their records that match searched-for names, alongside uniquely identifying information such as each person's location, previous locations, age, and the number of government-generated records associated with that person. This information serves to identify such individuals to a reasonable audience.

54. The Marketing Page has a commercial purpose in that it promotes the StateRecords website and a paid membership to access reports in its database.

55. Plaintiff Gaul and members of the Illinois Class never provided Defendants with their written consent to use their full names (or any attribute of their identity) in advertisements for StateRecords. Defendants never notified Plaintiff Gaul and Illinois Class members that their identities would be used in commercial advertisements.

56. Defendants deprived Plaintiff Gaul and Illinois Class members of control over whether and how their names and other identifying information can be used for commercial purposes.

57. Based upon Defendants' violation of the Illinois Right of Publicity Act, Plaintiff Gaul and Illinois Class members are entitled to (1) an injunction requiring Defendants to cease using Plaintiff Gaul's and members of the Illinois Class's names and any attributes of their identities to advertise their products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff Gaul's and Illinois Class members' names and identities) or statutory damages of $1,000 per violation to the members of the Illinois Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

**THIRD CAUSE OF ACTION**
**Violation of the Indiana Right of Publicity Law, Ind. Code § 32-36-1, *et seq*.**
**(On behalf of Plaintiff Harris and the Indiana Class)**

58. Plaintiff Harris incorporates the foregoing allegations as if fully set forth herein.

59. The Indiana Right of Publicity Law prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* Ind. Code § 32-36-1.

60. Defendants sell subscription-based access to their database containing detailed reports about people.

61. As described above, to promote those reports, Defendants used Plaintiff Harris' and the putative Indiana Class members' identities on their Marketing Page, which displays the individuals found within their records that match searched-for names, alongside uniquely identifying information such as each person's location, previous locations, age, and the number

of government-generated records associated with that person. This information serves to identify such individuals to a reasonable audience.

62. The Marketing Page has a commercial purpose in that it promotes the StateRecords website and a paid membership to access reports in its database.

63. Plaintiff Harris and members of the Indiana Class never provided Defendants with their written consent to use their full names (or any attribute of their identity) in advertisements for StateRecords. Defendants never notified Plaintiff Harris and Indiana Class members that their identities would be used in commercial advertisements.

64. Defendants deprived Plaintiff Harris and Indiana Class members of control over whether and how their names and other identifying information can be used for commercial purposes.

65. Based upon Defendants' violation of the Indiana Right of Publicity Law, Plaintiff Harris and Indiana Class members are entitled to (1) an injunction requiring Defendants to cease using Plaintiff Harris' and members of the Indiana Class's names and any attributes of their identities to advertise their products and services, (2) the greater of an award of actual damages (including profits derived from the unauthorized use of Plaintiff Harris' and Indiana Class members' names and identities) or statutory damages of $1,000 per violation to the members of the Indiana Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under Ind. Code. § 32-36-1-10.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, pray that the Court enter an Order:

    a. Certifying this case as a class action, appointing Loretta Bensen, Sherry Gaul, and Shontonna Harris as representatives of the Ohio, Illinois, and

        Indiana Classes, respectively, and appointing their attorneys as Class Counsel;

b.     Declaring that Defendants' actions described herein constitute a violation of the Ohio Right of Publicity Law, the Illinois Right of Publicity Act, and the Indiana Right of Publicity Law;

c.     Awarding injunctive and other equitable relief as necessary to protect the interest of the Classes, including, *inter alia*, an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

d.     Awarding statutory damages in amounts to be determined by the Court and/or jury;

e.     Awarding punitive damages where applicable;

f.     Awarding Plaintiffs and the Classes their reasonable litigation expenses and attorneys' fees;

g.     Awarding Plaintiffs and the Classes pre- and post-judgment interest; and

h.     Granting such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Dated:  December 16, 2021              Respectfully Submitted,

                                            **LORETTA HARRIS**, **SHERRY GAUL**, and **SHONTONNA HARRIS** individually and on behalf of all other similarly situated individuals,

                                            By their attorneys,

                                            */s/ David S. Godkin*
                                            David S. Godkin (BBO#196530)
                                            BIRNBAUM & GODKIN, LLP
                                            470 Atlantic Ave., 4th Floor
                                            Boston, MA 02210
                                            Tel: (617) 307-6100
                                            Fax: (617) 307-6101
                                            godkin@birnbaumgodkin.com

**OF COUNSEL:**

Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
pfraietta@bursor.com

Ari J. Scharg
Benjamin Thomassen
EDELSON PC
350 North LaSalle Street, 14th Fl.
Chicago, IL 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
ascharg@edelson.com
bthomassen@edelson.com